# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D19-565
_____

SHURON HESTER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Lester Bernard Bass, Judge.

August 29, 2019

B.L. THOMAS, J.

Appellant challenges the trial court's denial of his motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.835. Because Appellant's claims do not establish a reasonable probability that he would be acquitted at trial, we affirm.

In 2013, a jury found Appellant guilty of sexual battery on a victim less than twelve years of age and lewd or lascivious molestation of a person less than eighteen years of age. At trial, the victim testified that when she was ten years old, Appellant, her stepfather, entered her bedroom at night and touched her vagina with his hands and penis. She testified that Appellant hit her on the thigh with a belt or cord, from which she still had a mark. She

also testified that Appellant would threaten to beat her if she reported the crimes.

The court sentenced Appellant to life in prison for the sexual battery count and to a consecutive fifty-year sentence for the lewd and lascivious molestation count. After his conviction, Appellant filed pro se motions to withdraw plea, correct sentence, mitigate sentence, and for postconviction relief alleging ineffective assistance of counsel, all of which were denied.

In 2018, Appellant filed the instant motion for DNA testing. In his motion, Appellant raised three claims that the postconviction court properly denied as successive. He also requested the DNA testing of "[a]ll items the JSO collected; (i.e. bed sheets, underwear, clothes) any form, of items that can be tested to clear my name." Appellant made only vague references as to how DNA testing related to his case.

Rule 3.853 requires the movant to "lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence." *Hitchcock v. State*, 866 So. 2d 23, 27 (Fla. 2004). Appellant did not explain with specificity, or indeed at all, how DNA testing of the named items would create a reasonable probability of his acquittal. He stated that "there could have been a presence or non-presence of bodily fluids on the sheets or underwear," but did not assert whether these fluids belonged to him or some other party. Further, he made no assertion as to how the "presence or non-presence" of such fluids would lead to his acquittal but stated only that testing "could" show the jury that the fluids "could" be present or not present. Because Appellant failed to establish how DNA testing would create a reasonable probability of his acquittal, the postconviction court properly denied his motion.

AFFIRMED.

ROWE and OSTERHAUS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Shuron Hester, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.